## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**WAYNE MCELWAIN,**
        **Plaintiff,**

**vs.**                                          **Case No.: 5:09cv312/RS/MD**

**JAMES COKER, et al.,**
        **Defendants.**

---

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d

1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).  In the instant case, the allegations of the complaint establish that the exhaustion defense (the affirmative defense of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a)) bars recovery on plaintiff's claims.  Therefore, this case should dismissed.

Title 42 U.S.C. § 1997e provides in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).[1]  Exhaustion of all available administrative remedies is mandatory, and is

---

[1]The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits.  *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

    (1)      to avoid premature interruption of the administrative process;
    (2)      to let the agency develop the necessary factual background upon which decisions should be based;
    (3)      to permit the agency to exercise its discretion or apply its expertise;
    (4)      to improve the efficiency of the administrative process;

a pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S.Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S.Ct. at 1825. The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, as the United States Supreme Court more recently held, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also id.*, 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.").

Generally, the Florida Department of Corrections ("DOC") provides a three-level administrative grievance procedure for prisoner complaints. To initiate the

---

    (5)      to conserve scarce judicial resources;

    (6)      to give the agency a chance to discover and correct its own errors; and

    (7)      to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Med. Servs., Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

process, an inmate must submit an informal grievance. *See* Fla. Admin. Code r. 33-103.005. If dissatisfied with the response, the prisoner may submit a formal grievance. Fla. Admin. Code r. 33-103.006. If dissatisfied with that response, the prisoner may submit an appeal to the Office of the Secretary. Fla. Admin. Code r. 33-103.007(1). The grievance appeal must be received by the Office of the Secretary within 15 days from the date of the response to the formal grievance. Fla. Admin. Code r. 33-103.011(1)(c). The Office of the Secretary has 30 days from receipt of the appeal in which to respond. *Id.*, r. 33-103.011(3)(c).

Plaintiff initiated this civil rights action on September 4, 2009, according to the prison mailbox rule. (Doc. 1). He claims prison officials violated his constitutional rights on August 18, 2009 when they placed him in administrative confinement. He asserts that although his placement in confinement was "under the guise of an investigation," it was really in retaliation for plaintiff's position as a senior law library clerk. Plaintiff also complains that his placement was "without just cause" and, therefore, in violation of due process. As relief, plaintiff seeks declaratory and injunctive relief.

The allegations of the complaint establish the steps plaintiff took to exhaust his administrative remedies. Plaintiff states that because his grievance was one of reprisal, he bypassed the informal grievance process and filed a formal grievance. (Doc. 1, p. 3; *see also* Fla. Admin. Code r. 33-103.005(1). Plaintiff admits that his formal grievance is still pending, as is an appeal he filed with the Office of the Secretary. (*Id.*). Plaintiff requests that he be granted "60 day leave to allow exhaustion of administrative remedies . . . ." (*Id.*, p. 3 n. 1).

This court does not have the discretion to stay the case. *Alexander*, 159 F.3d at 1325; *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) (holding that if exhaustion was not completed at the time of filing, dismissal is mandatory); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (affirming dismissal of inmate's complaint who was in the process of exhausting his administrative

remedies); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002) (affirming dismissal when inmate failed to exhaust the administrative remedies in place); *Neal v. Boord*, 267 F.3d 116, 121-22 (2nd Cir. 2001) (affirming dismissal of inmate's complaint because he failed to exhaust his administrative remedies on each of his claims, although some were exhausted during the pendency of his litigation), *overruled on other grounds by Porter v. Nussle, supra*; *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (affirming dismissal of inmates' complaint because they had begun, but not yet exhausted, the prison grievance procedure); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing inmate's complaint because he filed his federal complaint before allowing the administrative process to be completed); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 538 (7th Cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing); *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (affirming dismissal of inmate's complaint even though the claims were exhausted several days after the prisoner filed the action); *Crews v. Raines*, No. 5:05cv166/SPM/MD, 2006 WL 839181 (N.D. Fla. Mar. 29, 2006) (rejecting inmate's attempt to satisfy exhaustion requirement by "restarting" grievance process during pendency of suit; holding that PLRA requires a prisoner to complete exhaustion prior to commencing suit, and that courts no longer have the discretion to stay the case). Instead, dismissal of this action without prejudice is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully **RECOMMENDED:**

That this cause be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of September, 2009.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).